# In the United States Court of Federal Claims

No. 21-921 C

Filed: June 28, 2021

|  |  |
|---|---|
| MELVIN JOSEPH SIMMONS, | ) )  ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) |

*Melvin Joseph Simmons*, Susanville, CA, *pro se*.

*Sarah E. Kramer*, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Acting Director, and *Claudia Burke*, Assistant Director, of counsel, for the Defendant.

## **OPINION AND ORDER**

**MEYERS, Judge.**

On February 4, 2021, Plaintiff, Melvin Joseph Simmons ("Mr. Simmons"), proceeding *pro se*, filed his complaint with the Court. *See* Compl., ECF No. 1.[1] Before the Court is the Government's motion to dismiss Mr. Simmons's complaint for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s MTD, ECF No. 8, at 1. For the reasons stated below, the Court grants the Government's motion.

## I. Jurisdiction & Standard of Review

"Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case[.]" *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir.

---

[1] On February 26, 2021, Mr. Simmons filed a separate action in this Court, alleging constitutional violations related to his arrest and incarceration. *See* Def.'s Reply, ECF No. 11, at 1 n.1. On May 21, 2021, that action was dismissed by the Court for lack of subject matter jurisdiction. *See id.* (citing Order, *Simmons v. United States*, No. 21-1020 C, ECF No. 9 (Smith, J.)).

2010). Under the Tucker Act, this Court has authority to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Tucker Act jurisdiction requires: (1) a separate money-mandating statute that supports any claims of monetary damages against the United States and (2) a plaintiff that alleges it falls "within the class of plaintiffs entitled to relief." *Antonellis v. United States*, 106 Fed. Cl. 112, 114-15 (2012), *aff'd*, 723 F.3d 1328, 1331 (Fed. Cir. 2013) (noting that Tucker Act jurisdiction is a waiver of sovereign immunity). For Tucker Act jurisdiction, a plaintiff "must demonstrate that the source of substantive law he [or she] relies upon 'can fairly be interpreted as mandating compensation by the Federal Government'" for any sustained damage. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

Generally, a *pro se* plaintiff's complaint is held to "less stringent standards . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But even a *pro se* plaintiff must strictly meet its jurisdictional burden. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [h]owever, . . . a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."). "*Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims." *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Although a litigant has the right to act as his or her own attorney, it is well established that the right of self representation is not a license to fail to comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

When considering a Rule 12(b)(1) motion, the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If, at any time, the Court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." RCFC 12(h)(3).

**II. Discussion**

Much of Mr. Simmons's handwritten complaint is incomprehensible and on occasion unreadable. *See generally* Compl.[2] Even under the lenient standards applied to *pro se* complaints, Mr. Simmons fails to satisfy his burden of establishing this Court's jurisdiction.

As an initial matter, Mr. Simmons appears to seek this Court's review of state and Federal courts' decisions related to his 1987 conviction. Indeed, he seeks the "annulment" of his

---

[2] Where the Court quotes Mr. Simmons's handwritten complaint, it has kept his original capitalization, punctuation, grammar, and wording unless otherwise indicated. Additionally, the complaint does not comply with the Court's rules on numbering each and every paragraph of a pleading. *See* RCFC 10(b). Thus, when citing to the complaint, the Court cites to respective pages and paragraphs, when available.

2

conviction.  Compl. at 16 ¶ 3 (demanding, among other things, "annulment of judgment"); *see also id.* at 12-14 ¶¶ 15-16.  According to the Government, Mr. Simmons's claims requesting this kind of judicial review should be dismissed for lack of jurisdiction.  *See* Def.'s MTD at 4.  The Court agrees because it does not have the power to review state and Federal courts' decisions or judgments.  *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999) ("A federal court must give the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state." (citing 28 U.S.C. § 1738)).

Next, Mr. Simmons calls this case a "*Bivens* action," Compl. at 1, and alleges that judges and judicial staff from either Federal or state courts denied his appeals and collateral attacks on his conviction in bad faith.  *See* Def.'s MTD at 2 (citing Compl. at 7-9, 10-11, 14-16 ¶¶ 2-8, 11-12, 17-18, 21-22).  Although Mr. Simmons is correct that *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), may allow individuals to sue Government officials in their individual capacities for constitutional violations of their rights, he cannot do so in *this* Court.  *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." (citing 28 U.S.C. § 1491(a)).  As our Circuit made clear, "*Bivens* actions . . . lie outside the jurisdiction of the Court of Federal Claims."  *Id.*

Nor can Mr. Simmons bring claims in this Court when Congress gave exclusive jurisdiction over such claims to the district courts.  Thus, the Court lacks jurisdiction over the tort claims Mr. Simmons asserts against state and Federal judges and judicial officials.  *See* Def.'s MTD at 6 (citing Compl. ¶¶ 2-8, 11-12, 17-18, 21-22).  Under the Tucker Act, this Court has no jurisdiction over cases "sounding in tort."  28 U.S.C. § 1491(a)(1).  "It is well settled that the Court of Federal Claims lacks jurisdiction over any and every kind of tort claim."  *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) (collecting cases).  Instead, when applicable, the Federal district courts have jurisdiction to hear tort claims.  *McCauley v. United States*, 38 Fed. Cl. 250, 264 (1997) ("Jurisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act." (citing 28 U.S.C. §1346(b) (1994))), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998).[3]  The same is true of civil rights claim arising under 42 U.S.C. § 1983, *see, e.g.*, Compl. at 1 ("[T]his *Bivens* action allows the Defendants to be sued according to the general constitutional principles similar to those set forth in 42 [U.S.C.] § 1983."), "because jurisdiction over claims arising under the Civil Rights Act *resides exclusively in the district courts*."  *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (emphasis added).  Similarly, the Court lacks jurisdiction over Mr. Simmons's "allusions to criminal conduct" or violations by these Government officials.  Def.'s MTD at 5; *see also* Compl. at 7 ("THE CRIMINAL PROCEDURE ACT OF 1701.Ch.6.") & 15 ¶ 20 (alleging there was "a

---

[3] Additionally, the Federal district courts receive "exclusive jurisdiction of civil actions on claims against the United States[] for money damages . . . for injury or *loss of property*[.]"  28 U.S.C. § 1346(b)(1) (emphasis added).  Thus, any claims that Mr. Simmons makes for loss of property under a tort theory fail as well.

3

contributory, criminal or direct infringement"). This Court may not "adjudicate any claims whatsoever under the federal *criminal* code . . . ." *Joshua*, 17 F.3d at 379 (emphasis added).

Mr. Simmons also seeks to establish jurisdiction under various Constitutional Amendments. Specifically, he attempts to invoke Congress's "Enforcement Power" from the Thirteenth, Fourteenth, Fifteenth, Nineteenth, Twenty-third, Twenty-fourth, and Twenty-sixth Amendments of the Constitution. Compl. at 2 (listing these amendments under the "Jurisdiction" section) & 12-14 ¶¶ 16-17. But is well-settled that "except for the taking clause of the [F]ifth [A]mendment, the other amendments do not require the United States to pay money for their alleged violation." *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam). The same is true for Mr. Simmons's claims related to the Fourth and Eight Amendments, which are not money mandating provisions. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (citation omitted) (holding that because the Eight Amendment is not a money mandating provision, the Court lacks jurisdiction over any respective claims); *Jiron v. United States*, 118 Fed. Cl. 190, 199 (2014) (holding that the Court does not have jurisdiction over claims arising under the Fourth Amendment, which is not a money mandating provision) (citing *LaChance v. United States*, 15 Cl. Ct. 127, 130 (1988)). In sum, Mr. Simmons's complaint fails to show how these Amendments sustain any of his claims for *monetary* damages against the United States. Without Tucker Act jurisdiction, each of these constitutional claims is dismissed.

Mr. Simmons appears to allege a purported copyright infringement of his name by Government officials under 28 U.S.C. § 1498(b). *See* Compl. at 2-3, 11, 15 ¶¶ 2, 11, 20.[4] Specifically, Mr. Simmons alleges that at least three Federal judges:

> [t]hrough the false entry of the EARMARK Jr Into the caption title. Creating a false designation, Tainting Plaintiff Melvin Joseph Simmons PERFECTED. Personal security interest. EJECTUM, MELVIN JOSEPH SIMMONS, with scienter intent to deceive, manipulate, mislead or to defraud I, Plaintiff Melvin Joseph Simmons of MY real, Private, PERSONAL, INCORPOREAL PROPERTY, COLLECTIVE ASSETS, INVESTED TAXABLE ESTATE, INTANGIBLE INVESTMENTS, PATENTS, COPYRIGHTS, PAPERS AND MORTGAGES.

*Id.* at 11 ¶ 11. Among other things, the alleged infringement was "a contributory, criminal or direct infringement . . . [of Mr. Simmons's e]xclusive copyright protection in the NAME MELVIN JOSEPH SIMMONS, whose handwritten expression in the spirit of the law, . . . gave rise to grounds for this complaint." *Id.* at 15 ¶ 20 (footnote omitted). Mr. Simmons appears to add buzzwords in the hopes that his copyright infringement claim may survive, he fails for a few reasons. *See id.* at 3 ("Individual identifying, item, itemized, distinguishing characters JOSEPH, de facto taking or wrongfully EJECTED From its Station, Fixture or Position as a Single Whole

---

[4] Mr. Simmons claims jurisdiction "[p]ursuant to 28 USCS § *1489*(b)." Compl. at 2 (emphasis added). But there is no such provision and it appears clear that he intended to rely upon 28 U.S.C. § *1498*(b).

4

Commercial Unit[.]") & 7 ¶ 1 (alleging that in a previous Federal district court action he tried to "recover Land (JOSEPH) unjustifiably taken (A917709)").

"As a condition to bringing suit for copyright infringement, a plaintiff must establish that the copyright has been *registered, applied for, or denied* by the United States Copyright Office." *Keehn v. United States*, 110 Fed. Cl. 306, 334 (emphasis added and footnote omitted), *aff'd*, 541 F. App'x 996 (Fed. Cir. 2013). Mr. Simmons makes none of these assertions, which he must do in order to "rely on 28 U.S.C. § 1498(b) as the jurisdictional vehicle for his copyright takings claims." *Id.*; *see also* 28 U.S.C. § 1498(b) ("[T]he exclusive action which may be brought for such infringement shall be an action by the *copyright owner* against the United States in the Court of Federal Claims.") (emphasis added).[5]

In his response to the Government's motion to dismiss, Mr. Simmons argues for the first time a claim "[b]ased on [] DEFENDANT'S alleged BREACH OF OBLIGATION OF CONTRACT, OR BREACH OF THE EXPRESSED CONTRACT." Pltf.'s Resp., ECF No. 10, at 21. The Government contends that this was not properly raised in the complaint. *See* Def.'s Reply at 2-3. A claim against the Government is properly raised in the plaintiff's complaint and is waived when brought up for the first time in another briefing. *See Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that a claim based on a new theory not mentioned in the plaintiff's complaint was "waived" and as it was "not properly raised[,]" did not need to be addressed); *see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). Mr. Simmons waived this new contract-based claims because his complaint did not raise it or allege facts to support this theory.[6]

Mr. Simmons also says the "addendum to the U.S. State California Constitution" affects his inalienable rights. *See* Compl. at 6 (stating this language under the "I. Special Count" section). But, "the Tucker Act only provides for jurisdiction for claims arising under the United States Constitution, not state constitutions." *Kurt v. United States*, 103 Fed. Cl. 384, 388 (2012) (citing 28 U.S.C. § 1491). Thus, the Court cannot adjudicate Mr. Simmons's claims arising under the Constitution of the State of California.

---

[5] Similarly, to the extent Mr. Simmons alleges any patent infringement, *see* Compl. at 11 ¶ 11, he fails to allege that he was ever issued a patent; thus, the Court does not have jurisdiction for this claim either. *See Martin v. United States*, 99 Fed. Cl. 627, 632 (2011) ("[S]ection 1498 does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent." (citing 28 U.S.C. § 1498(a))).

[6] Even if this Court were to consider Mr. Simmons's new contract claim, the Court would dismiss it for failure to state a claim under RCFC 12(b)(6). This claim is largely incoherent and appears to rest on the assertion that he has some contractual right as a descendant of the "First Nation of European Creole People." Pltf.'s Resp. at 12-14. Similarly, Mr. Simmons recasts purported constitutional violations as breaches of warranty. *Id*. at 16-19. Whatever these arguments assert, it is not a contract that the United States agreed to. Because these claims are patently frivolous, the Court would deny them if Mr. Simmons had not waived them.

Finally, the Court cannot grant Mr. Simmons's demands for declaratory or injunctive relief, *see* Compl. at 16-17, because they too "are also outside the jurisdiction of the Court of Federal Claims. The Tucker Act does not provide independent jurisdiction over such claims for equitable relief." Def.'s MTD at 6 (quoting *Brown*, 105 F.3d at 624). And this Court lacks jurisdiction under the Declaratory Judgment Act to provide declaratory relief. *United States v. King*, 395 U.S. 1, 4 (1969).

## III. Conclusion

For the foregoing reasons, the Court grants the Government's motion to dismiss for lack of subject matter jurisdiction.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge